

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable K. D. Hall
County Attorney
Refugio County
Refugio, Texas

Dear Sir:

Opinion No. 0-4777
Re: Whether personal property
taxes and real estate taxes
can be separated for the
same year and real estate
taxes paid without payment
of personal property taxes.

In your letter of August 14, 1942, you request our
opinion upon the following:

"It seems that various individuals in the
County owe for past years, taxes on personal
property as well as real estate which was as-
sessed against such individuals for the same
year, when they had in their possession consid-
erable personal property along with the real es-
tate.

"Now it seems that they do not have the
personal property on hand but still have the
real estate and want to pay taxes on the real
estate and not on the personal property.

"Due to information received from the Comp-
troller, the Tax Assessor and Collector is in-
clined to think he cannot separate the taxes,
that is, allow the individual to pay taxes on
real estate and ignore the taxes on the person-
al property for the same year, and I would,
therefore, like to know if that can be done.

Honorable K. D. Hall, page 2

In some instances it seems that the real estate
involves the homestead and in some instances it
does not."

It is now well established that the lien provided
by Section 15 of Article VIII of the Constitution and Article
7172, Revised Civil Statutes, attaches only to each separate
tract or parcel of land for the taxes assessed against it.
Ritchey v. Moor, 249 S. W. 172, Supreme Court; Davis v. West,
5 S. W. (2d) 870; State v. Hunt, 207 S. W. 636; State Mort-
gage Corporation v. Ludwig, 35 S. W. (2d) 267, (reversed on
other grounds), 48 S. W. (2d) 950.

A homestead is liable for taxes which are lawfully
assessed upon it. City of San Antonio v. Toeppervein, 133
S. W. 416, (Supreme Court). In addition to Article VIII, Sec-
tion 15, of our Constitution, Section 50 of Article XVI, of
our Constitution, and Article 7279, Revised Civil Statutes,
further protects the homestead against sale for taxes other
than the taxes due upon such homestead.

In the case of State v. Hunt, 207 S. W. 636, the
court held:

"But we agree with the trial court that
the state did not have a lien on the land to
secure the payment of either the poll taxes as-
sessed against the Williamses or the taxes as-
sessed against them on account of their owner-
ship of personal property. The general rule is
that taxes are never a lien on property unless
expressly made so. 2 Cooley, Tax'n, p. 865.
The lien created by section 15 of article 8 of
the Constitution upon 'landed property' is only
for taxes assessed against such property; and
so of the lien upon real property provided for
by Article 7528, Vernon's Statutes."

In the case of Hoffmann v. Wood, 258 S. W. 835, the
court held, after quoting from Article 7687a, (now Article
7324):

"This provision of the statute is clear
and unequivocal in its direction to the tax

collector to accept the offered payment of the
taxes, interest, penalties, and costs due and
unpaid upon any lot, tract, or parcel of land
as shown by the delinquent tax records of the
county, at any time before suit is filed there-
for, and to issue his receipt therefor."

In the case of Richey v. Moor, 249 S. W. 172, the
Supreme Court said:

". . . If we say that the taxpayer can-
not pay the taxes assessed against his tracts
of land in severalty, and that he must pay the
taxes on all the tracts before a statutory re-
ceipt may issue, and the lien on any one of them
may be discharged, then, manifestly, for all
practical purposes, we have declared a lien on
all his tracts for the respective taxes due on
each. In other words, we have in the practical
application of the statutes imposed a lien
where the Constitution has not done so. . . .

". . . .

". . . Under the constitutional provision
before us, the right of the citizen to have any
tract of his land free of any lien except to se-
cure the taxes levied against it, is an important,
substantial, and real property right, not limit-
ed by the Constitution by any obligation to pay
all other taxes due by him. If we were to say
that the taxpayer cannot pay the taxes on one
tract of his land without paying on all, or pay-
ing all of his taxes, in its final effect on him,
as previously stated, we would be awarding a
lien not provided by the Constitution, or impos-
ing a quasi-distraint not warranted by that in-
strument. The general rule that all taxes due
must be paid at one time is not to be so blind-
ly followed as to subvert the plain meaning of
the organic law.

". . . We are of the opinion that the tax
against each separate tract or parcel of land,

Honorable K. D. Hall, page 4

in so far as the right of payment is concerned, is to be regarded as a separate tax, and may be paid without at the same time paying other taxes. Since the right of payment exists, the statutory receipt should issue correctly describing the property and the tax, limiting the effect, of course, to the property actually involved and the tax actually paid."

We are of the opinion that the tax collector cannot refuse to accept tendered payment of taxes assessed against real estate, whether homestead or not, although the taxpayer may owe taxes assessed for the same year on personal property, for this would be tantamount to creating a lien upon real estate for the collection of personal property taxes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Thos. B. Duggan, Jr.
Assistant

TDD:db

APPROVED SEP 12, 1942

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY